**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


| | | |
|---|---|---|
| SHIELA HOLMES | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV1165  SWW |
| MICHAEL RUSSELL and JERRY | * | |
| HENRY, in their individual and official | * | |
| capacities | * | |
| | | |
| Defendants | | |


**<u>ORDER</u>**

Before the Court are (1) Plaintiff's motion to quash notice of deposition (docket entry #16) and Defendants' response (docket entry #17) and (2) Defendants' motion for an extension of the discovery and motions deadlines (docket entry #18) and Plaintiff's response in opposition (docket entry #20).  After careful consideration, and for reasons that follow, the Court finds that the motion to quash is moot and that the motion for an extension of deadlines should be granted as provided in this order.

On June 12, 2011, Plaintiff, who lives in Texas, filed an emergency motion to quash a notice of deposition that commanded her presence for oral examination on June 13, 2011 in North Little Rock, Arkansas.  According to Plaintiff, depositions in this case were scheduled for June 7, 2011, and she was present and available for deposition on that date, but defense counsel declined to depose her at that time.  Plaintiff states that defense counsel advised that they were expecting to depose her on June 13, 2011, but her attorneys responded that Plaintiff could not

return to Arkansas on that date and that prior commitments prevented counsel from attending depositions on June 13, 2011.  On June 13, 2011 Defendants responded to the motion to quash, asserting that Plaintiff's attorneys intentionally failed to produce Plaintiff for deposition on the very week that the discovery deadline was set to expire.

On June 16, 2011, Defendants filed a motion to extend the discovery and dispositive motions deadlines, which expired on June 17 and 18, respectively.  In support of their motion, Defendants state that Plaintiff and other witnesses named in Plaintiff's discovery responses failed to attend depositions noticed for June 13, 2011.   Plaintiff objects to the requested deadline extensions and contends that Defendants chose not to depose her and "have vehemently refused to coordinate the same . . . . "   Docket entry #20, at 5.  Plaintiff contends that Defendants have been "slothful" and have failed to show good cause for modification of the scheduling order.

A modification of the Court's scheduling order is proper only for good cause, *see* Fed. R. Civ. P. 16(b)(4), and the primary measure of good cause is the movant's diligence in attempting to meet court-ordered deadlines.  *See Bradford v. DANA Corp.*  249 F.3d 807, 809 (8th Cir. 2001).  In an effort to show good cause, Defendants submit evidence that defense counsel attempted to provide notice for the June 13, 2011 depositions via an email message sent May 19, 2011, a certified letter delivered on June 3, 2011, and an email, fax, and certified letter dated June 8, 2011.  *See* docket entry #17, Attachments.

The Court finds that the obstacle to completing discovery in this case is not a lack of diligence, but a lack of cooperation and an impasse as to a date on which depositions can proceed.  Additionally, trial in this case is set for November 14, 2011, and the Court finds that Plaintiff will suffer no prejudice if the discovery and motions deadlines are extended for the

2

purpose of permitting Defendants to depose Plaintiff and witnesses identified in Plaintiff's discovery responses.

IT IS THEREFORE ORDERED that Plaintiff's motion to quash notice of deposition (docket entry #16) is DENIED AS MOOT, and Defendants' motion for an extension of the discovery and motions deadlines (docket entry #18) is GRANTED.  The deadlines for completing discovery and filing dispositive motions are extended up to and including July 30, 2011, solely for the purpose of permitting Defendants to depose Plaintiff and witnesses identified in Plaintiff's discovery responses.

**IT IS FURTHER ORDERED that the parties shall confer and agree to dates on which Defendants will depose Plaintiff and witnesses listed in Plaintiff's discovery responses.  If, by June 30, 2011, the parties have failed to come to an agreement, either party may file notice of that failure, and the Court will select a date on which said depositions will proceed**.

IT IS SO ORDERED THIS 24TH  DAY OF JUNE, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE