IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SHIELA HOLMES | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV1165 SWW |
| MICHAEL RUSSELL and JERRY | * | |
| HENRY, in their individual and official | * | |
| capacities | * | |
| | | |
| Defendants | | |

## ORDER

Shiela Holmes[1] brings this action pursuant to 42 U.S.C. § 1983, claiming that Osceola police officers Michael Russell and Jerry Henry, sued in their individual and official capacities, wrongfully arrested and detained her in violation of her constitutional rights. Before the Court are (1) Defendants' motions to dismiss (docket entries #31, #32, #46, #47), Plaintiff's responses in opposition (docket entries #40, #41, #42, #43, #54, #55, #56, #57), and Defendants' reply (docket entry #58); (2) Defendants' motion for a protective order (docket entry #19), Plaintiff's response in opposition (docket entry #24), and Defendants' reply (docket entry #27); (3) Plaintiff's motion to compel production of documents (docket entries #37, #38) and Defendants' response (docket entry #45); and (4) Plaintiffs' motion seeking leave to file an amended

---

[1]The complaint names Plaintiff as "Shiela" Holmes, but elsewhere in the record, Plaintiff is referred to as "Sheila" Holmes. *See* docket entry #9 (Plaintiff's Rule 26(f) Report).

1

complaint (docket entries #48, #49) and Defendants' response in opposition (docket entries #52, #53). After careful consideration, and for reasons that follow, Defendants' motions to dismiss are denied, Defendants' motion for a protective is granted, Plaintiff's motion to compel is granted, and Plaintiff's motion to amend is granted. Additionally, counsel in this case must adhere to directives regarding cooperation and communication with opposing counsel set forth in this order.

## Background

In her complaint, Plaintiff alleges that on January 10, 2008, Russell and Henry wrongfully arrested and detained her in violation of her constitutional rights. Plaintiff further charges that the City of Osceola bears liability under § 1983 because it failed to properly train the officer defendants.

From June 16 through August 19, 2011, the parties entered 34 filings in this case, which include interrelated motions, responses, and replies concerning discovery disputes. Sara Teague and Tracey Dennis serve as defense counsel, and Theresa Bloodman and Alvin Leonard Simes represent Plaintiff. With each filing, the parties bring new charges against opposing counsel, accusing the other side of thwarting discovery efforts and attempting to mislead the Court *See e.g.,* docket entries #13, ¶ 3; docket entry #32, at 3; docket entry #58, at 2. Additionally, counsel for both sides insist that they have not received conventional mail and email communications from opposing counsel.[2]

---

[2]For example, in connection with Defendants' motion to quash notices of depositions for May 20, 2011, Teague acknowledged that she inadvertently failed to respond to an email message from Bloodman sent on March 18, 2011, which offered possible deposition dates. *See* docket entry #12, ¶ 1, docket entry #13, Ex. #1. Teague and Dennis also reported that they did not receive a letter from Bloodman, dated March 25, 2011, in which Bloodman offered

After careful review, the Court finds that it would be futile and a waste of resources to address each and every squabble detailed in the parties' filings. The Court is unable to resolve conflicting claims regarding the receipt of mail and email communications, and with no evidence that any attorney of record has intentionally attempted to mislead the Court, the Court assumes that counsel, all officers of the Court, have remained true to their important duty of candor to the Court. With these general observations in mind, the Court now turns to the pending motions.

**Defendants' Motions to Dismiss**

By order entered June 24, 2011, the Court directed the parties to confer and agree to dates on which Defendants would depose Plaintiff and Plaintiff's witnesses. On July 1, 2011, defense counsel filed notice that they attempted to confer with attorney Bloodman by phone, email, and certified mail, but Bloodman failed to respond. Defense counsel also stated that they would be willing to conduct the aforementioned depositions on July 5, 7, 12, 13, 15, 18, 19, 20, 25, and 26. Plaintiff responded that Defendants' reported attempts to confer with Bloodman were "erroneous" and that Plaintiff would be available for depositions on July 14, 15, 19, 22, and 26. In light of Plaintiff's response, by order entered July 8, 2011, the Court ordered that the depositions proceed July 15, 19, and 26. *See* docket entry #29.

Approximately five hours after the Court entered its order directing that the depositions proceed, Defendants filed their first motion to dismiss the case for failure to prosecute. In

---

additional dates and stated that she would proceed with deposition notices if defense counsel did not reply. *See* docket entry #12, ¶ 1, docket entry #13, Ex. #2. Bloodman responded that she did not receive a letter from Dennis dated May 1, 2011, *see* docket entry #13, ¶ 7, docket entry #12, Ex. C, and further reported that defense counsel informed her on May 9, 2011, that they never received Plaintiff's discovery responses, which Bloodman mailed in March 2011. *See* docket entry #13, ¶ 7.

3

support of that motion, Defendants charge that Bloodman failed to comply with previous orders entered May 19 and June 24, 2011, directing the parties to confer regarding deposition dates. Defense counsel reports that they sent Bloodman countless communications in an attempt to schedule depositions, which Bloodman denies receiving, and that Bloodman failed to retrieve certified mail addressed to her.

Plaintiff responds that Defendants' first motion to dismiss should be denied as moot because her deposition took place on July 26, 2011 in compliance with the Court's July 8 order. On July 29, 2011, Defendants filed a second motion to dismiss, in which they acknowledge that they deposed Plaintiff and Plaintiff's witnesses. However, Defendants maintain that dismissal is nonetheless proper based on Plaintiff's alleged failure to prosecute her claims and failure to comply with discovery orders.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to comply with the Federal Rules of Civil Procedure, and the Court has inherent to dismiss a cause of action with prejudice for failure to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630, 82 S .Ct. 1386, 1388-1389 (1962). However, "[d]ismissal with prejudice is a harsh sanction which should be imposed only after balancing the policy of giving the plaintiff her day in court against the policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983). In this case, it is far from clear that Plaintiff's counsel deliberately thwarted the discovery process or engaged in contumacious conduct that would justify denying Plaintiff the opportunity to proceed with her claims. Accordingly, Defendants' motions to dismiss will be denied.

**Defendants' Motion for a Protective Order**

In requests for production, Plaintiff seeks personnel files for Defendants and any Osceola police officer that Defendants intend to call as a witness.  Plaintiff also seeks a copy of each complaint filed by Osceola residents against the Osceola Police Department within the past ten years.  Defendants state that they are willing to provide the personnel files and citizen complaints sought by Plaintiff on the condition of a  protective order requiring that the documents be (1) disclosed only to attorneys and necessary personnel involved in this litigation, (2) used  solely for purposes of this litigation, and (3) destroyed at the conclusion of this litigation.

Defendants assert that the personnel files sought contain personal, sensitive information, some of which has nothing to do with this lawsuit, and that the citizen complaints sought contain personal, sensitive information such as addresses and telephone numbers of private citizens who are not parties to this lawsuit.   Plaintiff objects on the ground that Defendants have failed to point to any legitimate privacy concern or other good cause for the requested protective order.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c), "Because of liberal discovery and the potential for abuse, [a district court has] 'broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2,*  197 F.3d 922, 925, (8th Cir. 1999)(quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984)). The burden of showing good cause for issuance of a protective order is on the party seeking the order. *Id.* at 926.  In demonstrating good cause, the party asserting harm must allege more than

conclusory statements, but must instead present "a particular and specific demonstration of fact." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citation omitted); *see also Miscellaneous*, 197 F.3d at 926.  Finally, although Rule 26(c) does not contain a specific provision permitting a court to issue a protective order to protect an individual's privacy interests, such interests "are implicit in the broad purpose and language of the Rule." *Seattle Times*, 467 U.S. at 35 n.21, 104 S. Ct. 2199.

The Court finds that the confidential nature of information contained in a police officer's personnel file constitutes good cause for granting the requested protective order.  *See Donald v. Rast*, 927 F.2d 379, 381 (8th Cir. 1991)(noting confidential nature of a police officer's personnel file).  Further, although Defendants have not provided information indicating that citizen complainants have a reasonable expectation that their complaints will remain private, the Court finds that Plaintiff will suffer no prejudice if the citizen complaints are also covered under the protective order.  If Plaintiff finds that compliance with the protective order hinders her ability to prosecute her claims, she may seek a modification of the order.

On a related matter, Defendants assert in their second motion to dismiss that Plaintiff filed a freedom of information request "with full knowledge that there was a pending issue of a protective order . . . . " Docket entry #46, ¶ 7(e).  Although the Court has determined that Defendants' motion for a protective order should be granted, Defendants are advised that freedom of information laws and discovery rules operate independently, and Plaintiff's rights under the Arkansas Freedom of Information Act are not affected by her status as a litigant in this case or by the entry of a protective order under Rule 26(c).  *See City of Fayetteville v. Edmark*, 304 Ark. 179, 191-192, 801 S.W.2d 275, 281-282 (1990)("The documents examined in camera

in this case, however, would not be appropriate for a protective order. These documents are precisely the type envisioned by the FOIA to be produced to the public."); *see also Berry v. Saline Memorial Hosp.,* 322 Ark. 182, 185, 907 S.W.2d 736, 738 (1995)(("The FOIA at times provides greater disclosure than do the discovery procedures afforded by the Arkansas Rules of Civil Procedure.").

### Plaintiff's Motion to Compel Production of Documents

Plaintiff requests an order compelling Defendants to produce documents requested in Plaintiffs' first set of interrogatories and requests for production. Defendants have stated that they will produce the documents sought pursuant to a protective order, *see* docket entry #19, at 2, and the Court has determined that the motion for a protective order should be granted. Accordingly, Defendants are directed to produce documents requested in Plaintiff's requests for production within ten (10) days following entry of the requested protective order.

### Plaintiff's Motion to Amend

On July 30, 2011, Plaintiff filed a motion for leave to amend her complaint to add claims against two Osceola police officers, Jeff Creecy ("Creecy") and Curt Chandler ("Chandler"). Plaintiff states that "it has been discovered that . . . Creecy and . . . Chandler played a significant role in the wrongful arrest, detention and incarceration of the Plaintiff . . . ." Docket entry #49.

Defendants oppose Plaintiff's motion to amend on the ground that the deadline for motions to amend pleadings expired on July 18, 2011, twelve days before Plaintiff filed her motion. Rule 16 of the Federal Rules of Civil Procedure requires a district judge to issue a scheduling order that limits the time to join parties, amend pleadings, complete discovery, and file motions, *see* Fed. R. Civ. P. 16(b)(1), and it provides that scheduling deadlines "may be

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(4)(b); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 706 (8th Cir. 2008)(quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)("to permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) 'would render scheduling orders meaningless and effectively read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure'" ).

In this case, the original scheduling order provides that motions to amend pleadings shall be filed by July 18, 2011, one month after expiration of the original, June 17 discovery deadline. Subsequently, the Court amended the scheduling order and extended the discovery deadline to July 30, 2011, without setting a new deadline for filing motions to amend. Because Plaintiff filed her motion to amend within the Court's standard deadline for such motions (*i.e.*, one month after expiration of the discovery deadline), the Court finds good cause for permitting Plaintiff's motion to amend.

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Under the liberal amendment policy of Rule 15(a), denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith, futility, or unfair prejudice can be demonstrated. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). By order entered September 1, 2011, the Court granted Defendants' motion to continue the trial date and set new deadlines for additional discovery and dispositive motions. Accordingly, the Court finds that Defendants will suffer no prejudice if Plaintiff's motion to amend is granted.

IT IS THEREFORE ORDERED that:

(1) Defendants' motions to dismiss (docket entries #31, #46) are DENIED.

(2) Defendants' motion for a protective order (docket entry #19 ) is GRANTED. The requested protective order will be entered together with this order.

(3) Plaintiff's motion to compel production of documents (docket entry #37 ) is GRANTED. Defendant shall produce documents responsive to Plaintiff's discovery requests within ten (10) days following the entry date of the aforementioned protective order.

(4) Plaintiff's motion for leave to file an amended complaint (docket entry # 48) is GRANTED. Plaintiff shall file the amended pleading within five (5) days following the entry date of this order.

(5) Defendants' motion to quash (docket entry #33 ) is DENIED AS MOOT.

(6) A new trial date and deadlines for discovery and dispositive motions will be set by separate order. **The parties are directed to file notice, either jointly or separately, within five (5) days following the entry date of this order, stating the period of time they require for completing discovery in this case.**

(7) **Counsel must confer and endeavor to agree regarding discovery issues, keeping in mind that the failure to do so will result in needless waste of resources and disservice to the parties represented in this case.**

(8) **Each attorney of record in this case shall acknowledge, in writing to opposing counsel, every receipt of written communication from opposing counsel. Such written acknowledgment must be sent as soon as possible after the receipt of written communication from opposing counsel.**

IT IS SO ORDERED THIS 26TH DAY OF OCTOBER, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE