IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SHEILA HOLMES | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV1165 SWW |
| MICHAEL RUSSELL and JERRY | * | |
| HENRY, in their individual and official | * | |
| capacities | * | |
| | | |
| Defendants | | |

## ORDER

Sheila Holmes brings this action pursuant to 42 U.S.C. § 1983, claiming that Osceola police officers Michael Russell and Jerry Henry, sued in their individual and official capacities, wrongfully arrested and detained her in violation of her constitutional rights on January 10, 2008. Before the Court are Plaintiff's motion to amend (docket entry #76), Defendants' response in opposition (docket entries #82, #83), and Plaintiff's reply (docket entry #85). Also before the Court is Plaintiff's motion for reconsideration (docket entry #87) regarding a text entry order dated June 1, 2012, granting Defendants' motion to supplement their motion for summary judgment. After careful consideration, and for reasons that follow, Plaintiff's motions are denied.

### Motion to Amend

On July 30, 2011, Plaintiff filed a motion seeking leave to amend her complaint to join claims against two Osceola police officers, Jeff Creecy ("Creecy") and Curt Chandler ("Chandler"). In support of her motion, Plaintiff reported that she discovered that Creecy and

Chandler played a significant role in her arrest and detention. Defendants opposed Plaintiff's motion, arguing that under the Court's original scheduling order, the deadline for motions to amend expired twelve days before Plaintiff filed her motion.

By order entered October 26, 2011, the Court granted Plaintiff's motion. The order specifically states: "Plaintiff shall file the amended pleading within five (5) days following the entry date of this order." Docket entry #26, at 9.

A jury trial in this case is set to begin on August 27, 2012. Defendants filed a motion for summary judgment on April 27, 2012, and the Court has granted Plaintiff up to and including June 17, 2012 in which to file a response.[1] On May 28, 2012, one month after the Court's April 27, 2012 deadline for filing motions to amend pleadings had expired, Plaintiff filed a motion for leave to file an amended complaint. In support of her motion, Plaintiff states that through inadvertent oversight, she neglected to file an amended complaint as directed by the Court's order entered October 26, 2011. Plaintiff asserts that Defendants will suffer no prejudice if she is permitted to amend her complaint at this time because "Defendants were on notice of the intention of the Plaintiff to amend the complaint." Docket entry #76, at 2. Additionally, Plaintiff reports that Defendants' motion for summary judgment "references information contained in the proposed amended complaint and includes at least one affidavit which references parties sought to be added in the proposed amended complaint." *Id*.

Rule 16 of the Federal Rules of Civil Procedure requires a district judge to issue a

---

[1]On May 11, 2012, Plaintiff filed a motion requesting a thirty-day extension of time in which to file a response in opposition to summary judgment. The Court granted Plaintiff's motion in part and extended her response deadline to May 28, 2012. On May 28, 2012, Plaintiff filed a second motion for an extension of time to file a response in opposition to summary judgment and a motion to file an amended complaint. By order entered June 4, 2012, the Court granted Plaintiff up to and including June 17, 2012 in which to respond to Defendants' motion for summary judgment.

scheduling order that limits the time to join parties and amend pleadings, *see* Fed. R. Civ. P. 16(b), and it provides that scheduling deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(4)(b); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 706 (8th Cir. 2008)("[T]o permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) 'would render scheduling orders meaningless and effectively read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." ).

The primary measure of "good cause" under Rule 16 is the movant's diligence in attempting to meet court-ordered deadlines. *See Bradford v. DANA Corp.* 249 F.3d 807, 809 (8th Cir. 2001). Here, Plaintiff has acknowledged that due to "oversight and omission," she failed to file her amended complaint within the time frame ordered by the Court, and she offers no evidence that she attempted to meet the Court's deadlines. The Court finds that Plaintiff did not act diligently to meet the court's deadline for motions to amend. Accordingly, Plaintiff's motion will be denied.

Because the Court finds that Plaintiff fails to meet the good cause standard for modification of the scheduling order, the Court need not consider whether Defendants would suffer prejudice if Plaintiff's motion were granted. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir.2001)(finding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). However, in addition to finding that Plaintiff fails to show good cause for her failure to meet the deadline for motions to amend, the Court finds that Defendants would indeed suffer prejudice if Plaintiff were permitted to amend her

3

pleading and join two additional defendants at this late date.

### Plaintiff's Motion for Reconsideration

On May 28, 2012, Plaintiff filed a motion requesting an extension of time in which to respond to Defendants' motion for summary judgment. In support of her motion, Plaintiff reported that certain exhibits filed in support of Defendants' motion for summary judgment contained information that Defendants had not previously provided to her.

On May 31, 2012, Defendants filed a response in opposition to Plaintiff's motion for an extension of time. Defendants stated: "While Plaintiff does not specify which 'certain exhibits' contain information that Plaintiff has not received, Defendants assume Plaintiff is referring to [the affidavit] of Catherine Dean." Docket entry #79. Defendants provided the Court a copy of a letter to Plaintiff's counsel, dated May 31, 2012, which states in part as follows:

> Also enclosed is the original affidavit of Catherine Dean that is attached as Exhibit C to Defendants' Motion for Summary Judgment. Upon review of your Motion . . . , I realized that Ms. Dean's notary public had put a signature date of December 17, 2010 when it was actually executed by Ms. Dean on April 25, 2012. Ms. Dean has signed a Supplemental Affidavit correcting that mistake and her notary public, Teresa D. Smith, has executed her own Affidavit explaining the error. A hard copy of the new Affidavits are enclosed as well.

Docket entry #79, Ex. A.

In her affidavit, Dean, a Mississippi deputy prosecutor, testifies Plaintiff was arrested by Osceola police officers on January 10, 2008 for felony fleeing, reckless driving, and hindering apprehension or prosecution. *See* docket entry #81, Ex. #2. Dean further testifies that she *nolle prossed* charges against Plaintiff on the condition that Plaintiff would refrain from filing any future civil litigation against the City or law enforcement officers who effectuated her arrest on January 10, 2008. *See* docket entry #81, Ex. #2. Attached to Dean's affidavit is an order of

*nolle pros*, dated August 4, 2008, filed in *Arkansas v. Holmes*, No. CR-2008-013, in the Circuit Court of Mississippi County, Arkansas, which states that the case was *nolle prossed* "on condition that no civil lawsuit is filed against City of Osceola or officers . . . . " Defendants also submitted a excerpt from Plaintiff's deposition, in which Plaintiff acknowledged that she voluntarily signed the aforementioned order of *nolle pros*. *See* docket entry #79, Attach.

Also on May 31, 2012, Defendants filed a motion requesting permission to supplement their motion for summary judgment with a corrected copy of Dean's affidavit. In support of their motion, Defendants presented the affidavit of Teresa D. Smith, a notary, who testifies that she misdated Dean's affidavit. In her affidavit, Smith testifies that she "inadvertently put the date of signature as December 17, 2010, when it was actually signed by Ms. Dean on April 25, 2012." Docket entry #81, Ex. 1.

By text entry order dated June 1, 2012, the Court granted Defendants' motion to supplement the record by filing a corrected version of Dean's affidavit. Now before the Court is Plaintiff's motion urging the Court to reconsider that ruling and to strike Dean's affidavit from the record.

Plaintiff implies that Defendants have been less than truthful regarding the date on which Dean executed her affidavit, which has "precluded [her] from discovery of any information or evidence surrounding the execution of that document." Docket entry #87, Attach. #1, ¶ 10. The Court finds no basis for striking Dean's affidavit from the record. With no evidence of misrepresentation, the Court assumes that defense counsel have remained true to their important duty of candor to the Court. Furthermore, Plaintiff fails to explain how discovery of information "surrounding" the execution of Dean's affidavit would assist her in opposing

5

Defendants' motion for summary judgment.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (docket entry #76 ) and motion for reconsideration (docket entry #87 ) are DENIED.

IT IS SO ORDERED THIS 8TH DAY OF JUNE, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE